■ ARIES FINANCIAL, LLC, Respondent, v 12005 142ND STREET, LLC, et al., Appellants, et al., Defendants. [7 NYS3d 372]—

In an action to foreclose a mortgage, the defendants 12005 142nd Street, LLC, Alexander Tobin, and Cynthia Tobin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), dated July 2, 2012, as denied those branches of their motion which were for summary judgment on their first, second, third, and fifth counterclaims, and for a hearing on the proper amount of punitive damages.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment on the first counterclaim, and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision, upon searching the record, awarding the plaintiff summary judgment dismissing the fifth counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of the damages to which the appellants are entitled under Banking Law § 6-l and, thereafter, for the entry of a judgment, inter alia, declaring that the subject loan is void.

On April 27, 2007, the defendants Alexander Tobin and Cynthia Tobin (hereinafter together the Tobins) transferred title to their residential property located at 120-05 142nd Street in Queens to the defendant 12005 142nd Street, LLC (herein-

after the LLC, and together with the Tobins, the defendants), a limited liability company organized by an attorney for the plaintiff, Aries Financial, LLC (hereinafter Aries). The same day, Alexander Tobin, as the LLC's managing member, executed a note for a loan from Aries in the principal sum of $243,000 at an adjustable annual interest rate of up to 16%. At the closing, portions of the loan were allocated to paying off the Tobins' prior mortgage and to covering various fees and costs. In addition, the sum of $36,450 was placed in escrow to cover the first 12 monthly payments. A check for the remaining loan balance of $26,457 was issued to Cynthia Tobin. In June 2008, after the money in the escrow account was exhausted, the Tobins failed to make the mortgage payments.

In November 2008, Aries commenced this action to foreclose the mortgage, alleging that the LLC defaulted on the mortgage. In their answer, the defendants asserted various affirmative defenses and counterclaims. In their first counterclaim, the defendants sought damages and declaratory relief for violations of Banking Law § 6-l. The second, third, and fifth counterclaims alleged, respectively, fraud, violations of General Business Law § 349, and violations of Real Property Law § 265-a. After issue was joined, the defendants moved, among other things, for summary judgment on their first, second, third, and fifth counterclaims. In support of their motion, the defendants submitted, inter alia, Aries's business plan, which stated that its loans were "made only to Limited Liability Companies whose owners have transferred their homes to the company." Aries was aware that lenders making loans to "sub-prime borrowers" can "become entangled in various state and federal laws designed to combat 'Predatory Lending.' " Thus, Aries's loans were "carefully structured to avoid the potential penalties that the well-intended protective laws would levy."

The defendants established their prima facie entitlement to judgment as a matter of law on their first counterclaim, which was to recover damages and for declaratory relief for violations of Banking Law § 6-l, which imposes limitations and prohibits certain "practices for high-cost home loans" (Banking Law § 6-l [2]). The defendants established, prima facie, that the subject loan was a "high-cost home loan" (Banking Law § 6-l [1] [d]; see Banking Law § 6-l [1] [f] [i]-[iii]; [g] [ii]; *LaSalle Bank, N.A., II v Shearon*, 23 Misc 3d 959, 967-968 [Sup Ct, Richmond County 2009]; *see also* 15 USC § 1605 [a] [3]; 12 CFR 226.4 [c] [7]). Contrary to the plaintiff's contention, under the circumstances of this case, Banking Law § 6-l applies to the Aries loan, even though it was made to a limited liability company, and not to

"a natural person" (Banking Law § 6-l [1] [e] [ii]). The provisions of Banking Law § 6-l apply "to any person who in bad faith attempts to avoid the application of this section by any subterfuge" (Banking Law § 6-l [3]). Here, the defendants made a prima facie showing that a representative of Aries attempted, in bad faith, to avoid the application of the statute by "subterfuge," and that, thus, the statute applied to the Aries loan (Banking Law § 6-l [3]). Moreover, the defendants' submissions demonstrated, prima facie, that Aries violated the provisions of Banking Law § 6-l (2) by consolidating the first 12 payments and having them "paid in advance from the loan proceeds provided to the [defendants]" (Banking Law § 6-l [2] [e]); engaging in "loan flipping" (Banking Law § 6-l [2] [i]); making the loan "without due regard to repayment ability" (Banking Law § 6-l [2] [k]); failing to provide required notices (*see* Banking Law § 6-l [2] [e]; [2-a] [a]); and financing points and fees, as defined in Banking Law § 6-l (1) (f), "in an amount that exceeds three percent of the principal amount of the loan" (Banking Law § 6-l [2] [m]).

In opposition to the defendants' prima facie showing, Aries failed to raise a triable issue of fact as to whether Banking Law § 6-l was applicable, or whether it violated the statutory provisions. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment declaring that the subject loan is void (*see* Banking Law § 6-l [9], [10]) and on the issue of liability on so much of the complaint as alleged violations of Banking Law § 6-l.

The defendants failed to establish, prima facie, that Aries committed fraud, as alleged in their second counterclaim. Contrary to the defendants' contention, Aries's attorney did not have a duty to disclose his understanding of the legal ramifications of making the loan to the LLC (*see Matter of Sheng v State of N.Y. Div. of Human Rights*, 93 AD3d 851, 852 [2012]). Moreover, "promises about the future . . . constitute fraud only if they were made with a present intent not to fulfill them" (*Rimawi v Atkins*, 42 AD3d 799, 800 [2007]; *see Sabo v Delman*, 3 NY2d 155, 160 [1957]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 925 [2014]). Here, the defendants' submissions failed to eliminate all triable issues of fact as to whether Aries's representative told them at the closing that Aries would refinance the loan in one year at terms that were more favorable to them, even though Aries never intended to refinance the loan, or whether a representation concerning refinancing was instead made by the defendants' mortgage broker. Since

the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on its second counterclaim, without regard to the sufficiency of Aries's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In order to establish a prima facie violation of General Business Law § 349, the defendants had to "demonstrate that [Aries] is engag[ed] in consumer-oriented conduct which is deceptive or misleading in a material way, and that the [defendants were] injured because of it" (*Ladino v Bank of Am.*, 52 AD3d 571, 574 [2008]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 365 [2010], *mod* 18 NY3d 777 [2012]). Contrary to Aries's contention, the defendants made the threshold showing that the challenged conduct was consumer-oriented (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25-27). However, the defendants failed to make a prima facie showing that a deceptive act or practice occurred, since their submissions failed to eliminate all triable issues of fact as to whether Aries's representative made a materially misleading statement as to whether Aries would refinance the loan in one year (*see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26; *cf. Patterson v Somerset Invs. Corp.*, 96 AD3d 817, 817 [2012]; *Beneficial Homeowner Serv. Corp. v Williams*, 113 AD3d 713, 714-715 [2014]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on their third counterclaim, without regard to the sufficiency of Aries's opposition papers.

The provisions of the Home Equity Theft Prevention Act (Real Property Law § 265-a) are not applicable here (*see* Real Property Law § 265-a [1], [2] [c], [e]; *see also Washington Mut. Bank v Sholomov*, 20 Misc 3d 773, 777-778 [Sup Ct, Nassau County 2008]). Thus, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on the fifth counterclaim. In light of the foregoing determination, and upon our authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 509 [2013]), we award Aries summary judgment dismissing the fifth cause of action, which alleged violations of Real Property Law § 265-a.

The parties' remaining contentions are without merit.

Since the defendants' counterclaims, in part, sought declaratory relief, the matter must be remitted to the Supreme Court, Queens County, for a determination of the damages to which the defendants are entitled under Banking Law § 6-1 and, thereafter, for the entry of a judgment, inter alia, declaring that the subject loan is void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *Ling's Props., LLC v Bode*, 94 AD3d 951, 953 [2012]). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.