■ NICOLE LEWIS, Respondent, v WELLS FARGO BANK, N.A., as Trustee for OPTION ONE MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED CERTIFICATES, SERIES 2006-2, et al., Appellants, et al., Defendant. [22 NYS3d 461]—

In an action, inter alia, to recover damages for fraudulent misrepresentation and violations of Banking Law § 6-l, the defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2 Asset-Backed Certificates, Series 2006-2, and American Home Mortgage Servicing, Inc., appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 25, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2 Asset-Backed Certificates, Series 2006-2, and American Home Mortgage Servicing, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted.

On May 10, 2006, the plaintiff executed a note and mortgage on a residential property in Brooklyn in favor of Option One Mortgage Corporation (hereinafter Option One). Thereafter, Option One assigned the note and mortgage to the defendant

Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2 Asset Backed Certificates, Series 2006-2 (hereinafter Wells Fargo). In 2008, the plaintiff defaulted on her payments under the note, and a foreclosure action was commenced against her.

In June 2011, the plaintiff commenced this action against, among others, Wells Fargo and the defendant American Home Mortgage Servicing, Inc., which serviced the loan (hereinafter together the defendants). The plaintiff asserted causes of action to recover damages for fraudulent misrepresentation and violations of Banking Law § 6-l, General Business Law § 349, and the Federal Truth in Lending Act (15 USC § 1601 *et seq.*). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance by the plaintiff on the misrepresentation or material omission, and (4) injury (*see Blanco v Polanco*, 116 AD3d 892 [2014]; *Bernardi v Spyratos*, 79 AD3d 684, 687 [2010]; *Pidwell v Duvall*, 28 AD3d 829, 831-832 [2006]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for fraudulent misrepresentation by submitting the note, the mortgage, and the loan application. The loan application, which was signed by the plaintiff, set forth the terms of the mortgage, the plaintiff's monthly income, her current combined monthly household expense under an existing mortgage, and her proposed combined monthly household expense under the new mortgage. In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff alleged in the complaint that the defendants made false representations regarding her ability to make payments on the mortgage, in opposition to the defendants' motion, she identified no specific statement constituting a false representation.

Banking Law § 6-l "imposes limitations and prohibits certain 'practices for high-cost home loans' " (*Aries Fin., LLC v 12005 142nd St., LLC*, 127 AD3d 900, 901 [2015], quoting Banking Law § 6-l [2]). A "high-cost home loan" is defined by Banking Law § 6-l (1) (d) as a home loan in which the terms of the loan exceed one or more of certain thresholds. At the time the subject loan was executed in May 2006, Banking Law § 6-l (1)

(e) (i) defined a "home loan," in part, as a loan "in which . . . [t]he principal amount of the loan does not exceed the lesser of: (A) conforming loan size limit for a comparable dwelling as established from time to time by the federal national mortgage association; or (B) three hundred thousand dollars" (Banking Law former § 6-1 [1] [e] [i]). The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for violations of Banking Law § 6-l by presenting evidence that the subject loan exceeded the statutory maximum of $300,000, and, therefore, was not a "home loan" entitled to protection against "high-cost home loans" (*see Endeavor Funding Corp. v Allen*, 102 AD3d 593, 594 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the causes of action to recover damages for violations of General Business Law § 349 and the Federal Truth in Lending Act, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that those causes of action were barred by the applicable statutes of limitations (*see* 15 USC § 1635 [f]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statutes of limitations were tolled or otherwise inapplicable (*see Loiodice v BMW of N. Am., LLC*, 125 AD3d 723, 725 [2015]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.