Emigrant Bank v Brown (2019 NY Slip Op 06746)





Emigrant Bank v Brown


2019 NY Slip Op 06746


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-00765
 (Index No. 705893/13)

[*1]Emigrant Bank, etc., appellant, 
v
Eldwyn Brown, et al., respondents, et al., defendants.


Hertz, Cherson & Rosenthal, P.C., Forest Hills, NY (Georgia Papazis of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Juan Paolo F. Dizon and Steven Alexander Biolsi of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered December 14, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Eldwyn Brown and Judy Purcell and dismissing the sixth affirmative defense raised in their answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2008, the defendant Eldwyn Brown executed a promissory note in the principal amount of $270,000, secured by a mortgage executed by Brown and the defendant Judy Purcell (hereinafter together the borrowers). The borrowers defaulted in making the mortgage payment due November 1, 2011, and all payments due thereafter. In December 2013, the plaintiff commenced this action against the borrowers and others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrowers, for an order of reference, and to strike the borrowers' affirmative defenses. The Supreme Court denied the motion, and the plaintiff appeals.
"RPAPL 1302 . . . require[s] the complaint in any foreclosure action relating to a high-cost home loan or a subprime home loan' to contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . has complied with . . . [section six-l or six-m of the banking law]" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 105, quoting RPAPL 1302[1][b]). The statute further provides, in pertinent part, that "[i]t shall be a defense to an action to foreclose a mortgage for a high-cost home loan or subprime home loan that the terms of the home loan or the actions of the lender violate any provision of section six-l or six-m of the banking law" (RPAPL 1302[2]).
Banking Law § 6-l "imposes limitations and prohibits certain practices for high-cost home loans'" (Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 901, quoting Banking Law § 6-l[2]; see Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778). A home loan is a "high-cost home loan" if, among other things, the total points and fees charged exceed five percent of the total loan amount and the total loan amount is $50,000 or more (see Banking Law § 6-l[1][g][ii]; Silver v CitiMortgage, Inc., 162 AD3d 812, 813). The "total loan amount" is "the principal of the loan minus those points and fees . . . that are included in the principal amount" (Banking Law § 6-l[1][h]). [*2]"Points and fees" include "all compensation paid directly or indirectly to a mortgage broker" and "[t]he cost of all premiums financed by the lender, directly or indirectly, for any credit life," and certain items, such as fees for title examination, title insurance, and property surveys, to be included "only if the lender receives direct or indirect compensation in connection with the charge or the charge is paid to an affiliate of the lender" (Banking Law § 6-l[1][f]).
Here, pursuant to RPAPL 1302(1)(b), the plaintiff alleged in its complaint that it "has been and is in compliance with . . . Section 6-l or 6-m of the New York State Banking Law." For their part, pursuant to RPAPL 1302(2), the borrowers alleged, as their sixth affirmative defense, that the loan was a "high-cost home loan," and that the "costs associated with the alleged financing exceed[ed] maximum thresholds mandated by state and federal statutes, laws, and regulations" governing such loans. Thus, in support of its motion, inter alia, for summary judgment on the complaint and dismissing the sixth affirmative defense, the plaintiff was required "to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to [the applicability of, or] its . . . compliance with, [Section 6-l]" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; U.S. Bank N.A. v Echevarria, 171 AD3d 979; Tribeca Lending Corp. v Lawson, 159 AD3d 936, 938). The plaintiff did not do so. Instead, in support of its motion, the plaintiff submitted no documentation on the issue and failed even to address the issue in its attorney's affirmation and affidavits in support of its motion (see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 479; Becker v Colonial Coop. Ins. Co., 24 AD3d 702, 705). Accordingly, because the plaintiff failed to meet its prima facie burden, we agree with the Supreme Court's denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrowers and dismissing the borrowers' sixth affirmative defense, regardless of the sufficiency of the borrowers' opposition papers (see CPLR 3212[b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; cf. U.S. Bank N.A. v Echevarria, 171 AD3d 979).
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court