U.S. Bank N.A. v Jeffrey (2021 NY Slip Op 02333)





U.S. Bank N.A. v Jeffrey


2021 NY Slip Op 02333


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02039
 (Index No. 607501/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Gregory A. Jeffrey, et al., appellants, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Oran Schwager and Richard O'Brien of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gregory A. Jeffrey and John A. Schimmel appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 17, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to strike the affirmative defense of those defendants alleging violations of the Banking Law and denied the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 22, 2007, the defendant Gregory A. Jeffrey executed a note promising to pay Accredited Home Lenders, Inc. (hereinafter Accredited), the principal sum of $319,500 plus interest. On the same date, Jeffrey and the defendant John A. Schimmel (hereinafter together the defendants) executed a mortgage securing the note and encumbering real property located in Mastic Beach. Effective as of July 1, 2015, Jeffrey entered into an amendment to the note with the plaintiff, which allegedly was the successor in interest to Accredited. The defendants allegedly defaulted on the mortgage loan by failing to make the monthly payment due on September 1, 2015.
The plaintiff commenced this mortgage foreclosure action in May 2016. The defendants interposed an answer that asserted various affirmative defenses, including that the plaintiff violated Banking Law §§ 6-l and 6-m and RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike the defendants' answer and affirmative defenses. The defendants opposed the motion, arguing, inter alia, that the plaintiff violated Banking Law §§ 6-l and 6-m and RPAPL 1304 and 1306, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants, determining that the plaintiff failed to establish, prima facie, that it complied with the mailing requirements of RPAPL 1304. The court granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defense alleging violations of Banking Law §§ 6-l and 6-m, [*2]and denied the defendants' cross motion. The defendants appeal.
The Supreme Court properly determined that Banking Law § 6-l was inapplicable to this action. "Banking Law § 6-l 'imposes limitations and prohibits certain practices for high-cost home loans'" (Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778, quoting Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 901 [internal quotation marks omitted]; see Banking Law former § 6-l[2]). In the version of the statute in effect in May 2007, a high-cost home loan was defined as a home loan in which the terms of the loan exceed one or more of certain thresholds (see Banking Law former § 6-l[1][d]; Lewis v Wells Fargo Bank, N.A., 134 AD3d at 778-779). Banking Law former § 6-l(1)(e)(i) defined "home loan," in part, as a loan "in which . . . [t]he principal amount of the loan does not exceed the lesser of: (A) conforming loan size limit for a comparable dwelling as established from time to time by the federal national mortgage association; or (B) three hundred thousand dollars" (see Lewis v Wells Fargo Bank, N.A., 134 AD3d at 778-779). Here, the subject loan exceeded the statutory maximum of $300,000, and therefore, was not a home loan entitled to protection against high-cost home loans (see id. at 779; Endeavor Funding Corp. v Allen, 102 AD3d 593, 594).
Further, Banking Law § 6-m was inapplicable to this action because the original note and mortgage were executed in 2007, prior to the September 1, 2008 effective date of Banking Law § 6-m (see Banking Law § 6-m, as added by L 2008, ch 472; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171; Deutsche Bank Natl. Trust Co. v Holler, 56 Misc 3d 1214[A], 2017 NY Slip Op 50993[U] [Sup Ct, Suffolk County]; Deutsche Bank Natl. Trust Co. v Francis, 2017 NY Slip Op 31113[U],*1-2, *13 [Sup Ct, Suffolk County]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defense alleging violations of Banking Law §§ 6-1 and 6-m.
On their cross motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants failed to establish, prima facie, that the plaintiff did not comply with RPAPL 1304 and 1306, or that the defendants were not in default on the mortgage loan, as they merely pointed to deficiencies in the plaintiff's evidence (see U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1115; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 838). Accordingly, the Supreme Court properly denied the defendants' cross motion for summary judgment, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court