U.S. Bank N..A. v Nail (2022 NY Slip Op 02034)





U.S. Bank N..A. v Nail


2022 NY Slip Op 02034


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-04747
2019-11984
 (Index No. 70652/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Cynthia Nail, etc., et al., respondents, et al., defendants.


McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
The Virgo Law Firm, Brooklyn, NY (Samantha Virgo of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated April 2, 2019, and (2) an order of the same court dated September 23, 2019. The order dated April 2, 2019, granted the motion of the defendants Cynthia Nail and Jonathan Nail for leave to reargue those branches of their prior motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel a notice of pendency filed against the subject property, which had been denied in an amended order of the same court dated October 9, 2018, and upon reargument, vacated that determination in the amended order dated October 9, 2018, and thereupon, granted those branches of those defendants' prior motion. The order dated September 23, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated April 2, 2019.
ORDERED that the order dated April 2, 2019, is modified, on the law, by deleting the provisions thereof, upon reargument, vacating the determination in the amended order dated October 9, 2018, denying those branches of those defendants' prior motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel a notice of pendency filed against the subject property, and thereupon, granting those branches of those defendants' prior motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the amended order dated October 9, 2018; as so modified, the order dated April 2, 2019, is affirmed; and it is further,
ORDERED that the appeal from the order dated September 23, 2019, is dismissed as academic in light of our determination on the appeal from the order dated April 2, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2005, the defendants Cynthia Nail and Jonathan Nail (hereinafter together the defendants) executed a note in favor of Aegis Mortgage Corporation (hereinafter Aegis), [*2]which was secured by a mortgage on residential property located in Mount Vernon. In June 2008, Aegis commenced an action (hereinafter the prior action) against, among others, the defendants to foreclose the mortgage. In the complaint, Aegis elected to declare the entire balance of the mortgage debt immediately due. In an order entered November 10, 2011, the Supreme Court directed the dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
In December 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel a notice of pendency filed against the subject property. The plaintiff opposed the motion, arguing that the commencement of the prior action was ineffective to accelerate the debt, among other things, because Aegis lacked standing to commence the prior action. In an amended order dated October 9, 2018, the Supreme Court denied those branches of the defendants' motion.
Thereafter, the defendants moved for leave to reargue those branches of their prior motion. In an order dated April 2, 2019, the Supreme Court granted the defendants' leave to reargue, and, upon reargument, vacated the determination denying those branches of the defendants' prior motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency filed against the subject property, and thereupon, granted those branches of the defendants' prior motion. In an order dated September 23, 2019, the court, in effect, granted that branch of the plaintiff's motion which was for leave to reargue its opposition to the defendants' motion for leave to reargue, and, upon reargument, adhered to the determination in the order dated April 2, 2019. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). "'On a motion to dismiss [the] complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627- 628, quoting Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Vitolo, 182 AD3d at 628, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952). An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so (see Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465).
Here, the defendants established that the six-year statute of limitations began to run on the entire debt in June 2008, when Aegis accelerated the mortgage by commencing the prior action. Since the plaintiff did not commence this action until December 2017, more than six years later, the defendants sustained their initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely (see id. at 892).
In opposition to the defendants' prima facie showing, the plaintiff proffered the affidavit of Sherry Benight, a document control officer for Select Portfolio Servicing, Inc. (hereinafter SPS), the servicer and attorney-in-fact for the plaintiff. Based upon her review of SPS's business records, Benight averred that pursuant to a pooling and servicing agreement (hereinafter PSA), dated January 1, 2006, the original note was transferred to SPS, in its capacity as servicer and attorney-in-fact, on May 14, 2008, and SPS has remained in physical possession of the note since that date. Benight attached to her affidavit copies of the PSA, and a mortgage loan schedule listing the subject loan, note, and mortgage. This evidence was sufficient to raise triable issues of fact as to whether Aegis lacked standing to commence the prior action, and whether this action is time-barred (see Halfon v U.S. Bank, N.A., 169 AD3d 653; cf. Bank of N.Y. Mellon v Craig, 169 AD3d 627).
Accordingly, upon reargument, the Supreme Court should have adhered to the [*3]determination in the amended order dated October 9, 2018, denying those branches of the defendants' prior motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to dismiss the notice of pendency filed against the subject property.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court