U.S. Bank N.A. v Jeffrey (2023 NY Slip Op 06398)

U.S. Bank N.A. v Jeffrey

2023 NY Slip Op 06398

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-07509
 (Index No. 607501/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Gregory A. Jeffrey, et al., appellants, et al., defendants.

John J. Caracciolo, East Northport, NY, for appellants.
Friedman Vartolo, LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gregory A. Jeffrey and John A. Schimmel appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 30, 2021. The order and judgment of foreclosure and sale, upon (1) an order of the same court dated September 1, 2020, granting those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Gregory A. Jeffrey and John A. Schimmel, to strike their affirmative defense alleging that the plaintiff failed to comply with RPAPL 1304, and for an order of reference, (2) an order of the same court, also dated September 1, 2020, among other things, granting the plaintiff the same relief and appointing a referee to compute the amount due to the plaintiff, and (3) an order of the same court dated August 30, 2021, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denying the cross-motion of the defendants Gregory A. Jeffrey and John A. Schimmel, inter alia to dismiss the complaint for failure to comply with RPAPL 1304, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On May 22, 2007, the defendant Gregory A. Jeffrey executed a note promising to pay Accredited Home Lenders, Inc., the principal sum of $319,500 plus interest. On the same date, Jeffrey and the defendant John A. Schimmel (hereinafter together the defendants) executed a mortgage securing the note and encumbering real property located in Mastic Beach. The defendants defaulted on the mortgage loan by failing to make the monthly payment due on September 1, 2015.
The plaintiff commenced this mortgage foreclosure action against the defendants, among others, in May 2016. The defendants interposed an answer that asserted various affirmative defenses, including that the plaintiff violated RPAPL 1303 and 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as [*2]asserted against the defendants and to strike their answer and affirmative defenses. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's alleged failure to comply with RPAPL 1304. In an order dated September 17, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants, without prejudice to renewal, determining that the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. The court granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defenses, except for so much of their 25th affirmative defense as alleged that the plaintiff failed to comply with RPAPL 1304, and denied the defendants' cross-motion in its entirety. The defendants appealed, and this Court affirmed the order insofar as appealed from (see U.S. Bank N.A. v Jeffrey, 193 AD3d 905, 907).
The plaintiff renewed its motion for summary judgment, inter alia, on the complaint insofar as asserted against the defendants, to strike their affirmative defense alleging that the plaintiff failed to comply with RPAPL 1304, and for an order of reference, and the defendants opposed. In an order dated September 1, 2020, the Supreme Court granted those branches of the plaintiff's renewed motion. In a second order, also dated September 1, 2020, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the report of the referee and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, to dismiss the complaint insofar as asserted against them based on the plaintiff's alleged failure to comply with RPAPL 1304. In an order dated August 30, 2021, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. By order and judgment of foreclosure and sale dated August 30, 2021, the court, among other things, granted the plaintiff's motion to confirm the referee's report, and directed the sale of the subject property. The defendants appeal.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95).
Contrary to the defendants' contention, the Supreme Court did not err in denying that branch of their cross-motion which was to dismiss the complaint based on the plaintiff's alleged failure to comply with RPAPL 1304. The inclusion of additional information with the notices required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notices be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]), as the additional information consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326). As the plaintiff otherwise established that it sent the RPAPL 1304 notice as required by statute, the court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants and to strike their affirmative defense alleging failure to comply with RPAPL 1304 (see Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 834).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court