Wells Fargo Bank, N.A. v Edwards (2024 NY Slip Op 05368)

Wells Fargo Bank, N.A. v Edwards

2024 NY Slip Op 05368

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07023
2021-07025
 (Index No. 605722/15)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Sylvia Edwards, appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Sarah Lemon and Brian Pantaleo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sylvia Edwards appeals from two orders of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), both dated August 25, 2021. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Sylvia Edwards and dismissing that defendant's first and fifth affirmative defenses and first counterclaim, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Sylvia Edwards and dismissing that defendant's first affirmative defense and first counterclaim, and for an order of reference; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
Alvin Edwards executed a note dated December 5, 2003, in the sum of $256,000 in favor of WMC Mortgage Corp. (hereinafter WMC). The note was secured by a mortgage on certain real property located in Brentwood. By an assignment of mortgage dated June 1, 2005, WMC assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), "AS NOMINEE AND MORTGAGEE OF RECORD," and Wells Fargo Bank, N.A. (hereinafter Wells Fargo). On September 13, 2005, MERS, as nominee and mortgagee of record, and Wells Fargo commenced an action against Alvin, among others, to foreclose the mortgage (hereinafter the 2005 action). On July 28, 2009, Wells Fargo commenced a second action against Alvin, among others, to foreclose the mortgage (hereinafter the 2009 action).
In September 2011, MERS and Wells Fargo moved in the 2005 action, inter alia, to discontinue that action and to vacate a judgment of foreclosure and sale dated November 20, 2006. In an order dated October 12, 2011, the Supreme Court granted the motion. On November 2, 2012, [*2]Alvin died. In an order dated July 29, 2013, the court directed dismissal of the 2009 action for failure to comply with an order directing Wells Fargo to proceed with the matter within 90 days.
On June 1, 2015, Wells Fargo commenced this action against Alvin, among others, to foreclose the mortgage. In an order dated September 29, 2016, the Supreme Court granted Wells Fargo's motion, among other things, for leave to amend the caption to add Sylvia Edwards (hereinafter the defendant), Alvin's widow, as a defendant. Thereafter, Wells Fargo served a supplemental summons and amended complaint dated October 4, 2016. In her answer, the defendant alleged, as a first affirmative defense, that the action was barred by the statute of limitations and, as a fifth affirmative defense, that Wells Fargo failed to comply with Banking Law § 6-l. The defendant also asserted counterclaims, inter alia, to vacate the mortgage on the ground that the statute of limitations had expired (first counterclaim) and for an award of attorneys' fees (second counterclaim).
In September 2017, Wells Fargo moved, among other things, for summary judgment on the amended complaint insofar as asserted against the defendant and dismissing her first and fifth affirmative defenses and first and second counterclaims, and for an order of reference. In an order dated November 5, 2018, the Supreme Court, inter alia, granted those branches of Wells Fargo's motion. In a second order dated November 5, 2018, the court, among other things, granted the same relief to Wells Fargo and referred the matter to a referee to compute the amount due to Wells Fargo. In a decision and order dated September 16, 2020, this Court reversed the orders dated November 5, 2018, insofar as appealed from by the defendant and denied those branches of Wells Fargo's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant and dismissing her first and fifth affirmative defenses and first and second counterclaims, and for an order of reference (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1455).
In May 2021, Wells Fargo moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant and dismissing her first and fifth affirmative defenses and first counterclaim, and for an order of reference. In an order dated August 25, 2021, the Supreme Court, among other things, granted those branches of Wells Fargo's motion. In a second order dated August 25, 2021, the court, inter alia, granted the same relief to Wells Fargo and referred the matter to a referee to compute the amount due to Wells Fargo. The defendant appeals.
RPAPL 1302(2) provides, in pertinent part, that "[i]t shall be a defense to an action to foreclose a mortgage [for a high-cost home loan] that the terms of the home loan or the actions of the lender violate any provision of," among other things, Banking Law § 6-l (see Wilmington Trust, N.A. v Newman, 222 AD3d 917; Wells Fargo Bank, N.A. v Edwards, 186 AD3d at 1457). Banking Law § 6-l "imposes limitations and prohibits certain 'practices for high-cost home loans'" (Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 901, quoting Banking Law § 6-l[2]; see Emigrant Bank v Brown, 175 AD3d 1488, 1489; Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778).
Contrary to Wells Fargo's contention, the defendant's fifth affirmative defense, alleging failure to comply with Banking Law § 6-l, was not time-barred (see id. § 6-l[13]; see also CPLR 203[d]). However, as Wells Fargo correctly contends, the defendant lacked standing to assert a defense based on lack of compliance with Banking Law § 6-l. That statute was enacted for the benefit and protection of borrowers (see id. § 6-l[1][e][ii]; LaSalle Bank, N.A., II v Shearon, 23 Misc 3d 959, 972 [Sup Ct, Richmond County]). Thus, failure to comply with Banking Law § 6-l is a personal defense that could not be raised by the defendant, who is a stranger to the note and mortgage (see Wells Fargo Bank, N.A. v Stephen, 205 AD3d 1066, 1067; Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d 792, 793; Wilmington Sav. Fund Socy. v DeCanio, 55 Misc 3d 1215[A], 2017 NY Slip Op 50585[U], *6 [Sup Ct, Suffolk County]). In light of the foregoing, Wells Fargo established, prima facie, that Banking Law § 6-l is inapplicable under the circumstances presented, and the defendant failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted that branch of Wells Fargo's motion which was for summary judgment dismissing the defendant's fifth affirmative defense, alleging failure to comply with [*3]Banking Law § 6-l.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see US Bank Trust, N.A. v Reizes, 222 AD3d 907; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank NA v Schaer, 223 AD3d 928, 929; Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462).
Here, the statute of limitations began to run on September 13, 2005, when MERS and Wells Fargo commenced the 2005 action and accelerated the mortgage debt (see US Bank Trust, N.A. v Reizes, 222 AD3d 907). Wells Fargo did not commence this action until June 1, 2015, more than six years later (see Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc., 211 AD3d 1085, 1086; U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097).
Wells Fargo contends that this action was timely commenced because MERS and Wells Fargo moved in the 2005 action to discontinue that action within the six-year limitations period and, thus, revoked the acceleration of the debt. The Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA) amended CPLR 3217, which governs the voluntary discontinuance of an action, to provide that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (id. § 3217[e]; see Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723). Thus, applying FAPA, the voluntary discontinuance of the 2005 action did not serve to reset the statute of limitations (see U.S. Bank N.A. v Medianik, 223 AD3d 935; Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946).
Wells Fargo's contention that CPLR 3217(e), added under FAPA, was not intended to have retroactive effect is without merit. FAPA took effect "immediately," applying "to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). Thus, "[a]lthough the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should" (Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44).
Further, applying FAPA, Wells Fargo failed to demonstrate that this action was timely on the ground that MERS and Wells Fargo lacked standing to accelerate the loan when they commenced the 2005 action. CPLR 213(4), as amended by FAPA, now provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (id. § 213[4][a]). Here, the issue of standing was not adjudicated in the 2005 action, which was voluntarily discontinued. Thus, the 2005 action was not "dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (id.). Therefore, Wells Fargo is estopped under FAPA from asserting that the debt was not validly accelerated by the commencement of the 2005 action based on lack of standing (see U.S. Bank N.A. v Medianik, 223 AD3d 935; Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088; Bank of N.Y. Mellon v Stewart, 216 AD3d at 723).
Wells Fargo challenges the constitutionality of FAPA, contending that it violates the Takings, Due Process, and Contract Clauses of the United States Constitution. Since the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining Wells Fargo's motion, we remit the matter to the Supreme Court, Suffolk County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of those branches of Wells Fargo's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant and dismissing her first affirmative defense and first counterclaim, and for an order of reference (see U.S. Bank N.A. v Medianik, 223 AD3d 935; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695; Bank of N.Y. Mellon v MS Global Group, LLC, 222 AD3d 821).
The parties' remaining contentions either are without merit or need not be reached in view of our determination.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court