Bayview Loan Servicing, LLC v Paniagua (2022 NY Slip Op 04708)

Bayview Loan Servicing, LLC v Paniagua

2022 NY Slip Op 04708

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-12685
 (Index No. 600895/19)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Angel Paniagua, etc., appellant, et al., defendants.

New York Legal Assistance Group, New York, NY (Beth E. Goldman and Julie Anne Howe of counsel), for appellant.
Vallely Law, PLLC, Syosset, NY (Natalia Thomas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angel Paniagua appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated October 25, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Angel Paniagua which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted.
In January 2019, the plaintiff commenced this action against the defendant Angel Paniagua (hereinafter the defendant), among others, to foreclose a mortgage on property located in Bay Shore. In lieu of answering the complaint, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, citing the commencement of a prior action to foreclose the same mortgage in June 2010 (hereinafter the 2010 action). The plaintiff opposed the motion, arguing, among other things, that there remained questions of fact as to whether the debt was de-accelerated and whether the debt had been acknowledged by the defendant. In an order dated October 25, 2019, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627-628, quoting Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Vitolo, 182 AD3d at 628, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Bank of [*2]N.Y. Mellon v Craig, 169 AD3d 627, 629; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "Where acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; see U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204).
Here, the defendant established, prima facie, that the mortgage debt was accelerated by the commencement of the 2010 action, more than six years prior to the commencement of this action. While the defendant's motion papers also demonstrated that the 2010 action was voluntarily discontinued by an order dated July 5, 2017, the discontinuation was not effective to revoke the acceleration of the debt because it did not occur during the six-year limitations period (cf. U.S. Bank N.A. v Davids, 197 AD3d at 1205; Wells Fargo Bank, N.A. v Islam, 193 AD3d 1016, 1018).
In opposition to the defendant's prima facie showing, the plaintiff failed to submit evidence in admissible form sufficient to raise a question of fact. The plaintiff argues that the defendant entered into a loan modification agreement, which constituted an acknowledgment of the mortgage debt under General Obligations Law § 17-101 sufficient to reset the statute of limitations to commence a future foreclosure action on the mortgage. "General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947 [internal quotation marks omitted]). "To constitute a valid acknowledgment, a 'writing must be signed and recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it'" (id. at 947, quoting Sichol v Crocker, 177 AD2d 842, 843; see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521). "In order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056 [internal quotation marks omitted]; see
General Obligations Law § 17-107; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521).
Here, the plaintiff's opposition papers contained no evidence in admissible form of such an agreement or acknowledgment (cf. Federal Natl. Mtge. Assn. v Jeanty, 188 AD3d 827). Moreover, the plaintiff failed to establish that further discovery might lead to relevant information regarding such a modification (see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 629).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.

2019-12685 DECISION & ORDER ON MOTION
Bayview Loan Servicing, LLC, respondent,
v Angel Paniagua, etc., appellant, et al., defendants.
(Index No. 600895/19)

Appeal from an order of the Supreme Court, Suffolk County, dated October 25, 2019. Motion by the appellant, inter alia, to strike Point II of the respondent's brief on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated November 16, 2020, that branch of the motion which is to strike Point II of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike Point II of the respondent's brief is denied.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court