US Bank Trust, N.A. v Reizes (2023 NY Slip Op 06553)

US Bank Trust, N.A. v Reizes

2023 NY Slip Op 06553

Decided on December 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-00819
 (Index No. 523467/17)

[*1]US Bank Trust, N.A., etc., respondent-appellant,
v
Mendel Reizes, appellant-respondent, et al., defendants.

Mesnashe & Associates, LLP, Montebello, NY (Chezki Menashe of counsel), for appellant-respondent.
Stern & Eisenberg, P.C., Depew, NY (Arsenio Rodriguez of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mendel Reizes appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 31, 2019. The order, insofar as appealed from, in effect, denied that branch of the motion of the defendant Mendel Reizes which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations and granted the plaintiff's cross-motion pursuant to CPLR 2201 to stay the action. The order, insofar as cross-appealed from, in effect, denied that branch of the motion of the defendant Mendel Reizes which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations.
ORDERED that the cross-appeal is dismissed; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Mendel Reizes which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations is granted, and the plaintiff's cross-motion pursuant to CPLR 2201 to stay the action is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mendel Reizes.
The cross-appeal by the plaintiff from the order must be dismissed, as the plaintiff is not aggrieved thereby (see CPLR 5511). The issues raised on the cross-appeal have been considered as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d 1079, 1080).
On June 22, 2005, Mendel Reizes (hereinafter the defendant) and Yehoshua Yusewitz executed a note in the sum of $450,000 in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC Mortgage). The note was secured by a mortgage on certain residential property located in Brooklyn. On June 1, 2010, HSBC Mortgage commenced an action (hereinafter the 2010 action) against the defendant and Yusewitz, among others, to foreclose the mortgage. The 2010 action was purportedly dismissed in August 2014. Subsequently, the mortgage was allegedly assigned to the plaintiff.
On December 6, 2017, the plaintiff commenced this action against the defendant and Yusewitz, among others, to foreclose the mortgage. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations. The plaintiff cross-moved pursuant to CPLR 2201 to stay the action in light of two federal court actions brought by the defendant (hereinafter the federal court actions), in which the defendant alleged, among other things, that the plaintiff's former attorneys in the instant matter and an alleged loan servicer for the loan violated the Fair Debt Collection Practices Act (15 USC 1692 et seq.) by knowingly attempting to collect on a time-barred debt. Although the plaintiff was not a party to either of the federal court actions, the plaintiff contended that a stay in this action was necessary in order to avoid the potential of conflicting decisions.
In an order dated October 31, 2019, the Supreme Court, inter alia, in effect, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations and granted the plaintiff's cross-motion pursuant to CPLR 2201 to stay the action. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 691-692 [internal quotation marks omitted]; see U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627-628). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Bayview Loan Servicing, LLC v Paniagua, 207 AD3d at 692 [internal quotation marks omitted]; see U.S. Bank N.A. v Vitolo, 182 AD3d at 628).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, the defendant demonstrated that the statute of limitations began to run on June 1, 2010, when HSBC Mortgage accelerated the mortgage debt and commenced the 2010 action. Since the plaintiff did not commence the instant action until December 6, 2017, more than six years later, the defendant established, prima facie, that the instant action was untimely (see Wilmington Sav. Fund Socy., FSB v Avenue Basin Mgt., Inc., 211 AD3d 1085, 1086; U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097).
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, pursuant to CPLR 203, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec 30, 2022]; hereinafter FAPA), the unilateral de-acceleration letter allegedly sent to the defendant failed to revive or reset the statute of limitations (see 203[h]; Anglestone Real Estate Venture Partners Corp. v Bank of New York Mellon, ___ AD3d ___, 2023 NY Slip Op 06109 [2d Dept]; E. Fork Funding LLC v U.S. Bank, N.A., 2023 US Dist LEXIS 56719, 2023 WL 2660645 [EDNY 2023]).
Further, the plaintiff's contentions that the mortgage debt was not validly accelerated because HSBC Mortgage did not have standing to commence the 2010 action and failed to comply with RPAPL 1304 before commencing that action are without merit. Pursuant to CPLR 213(4), as amended by FAPA, "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (id. § 213[4][a] [emphasis added]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916-917). Here, there is no indication in the record that the [*2]2010 action was dismissed "based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]). Therefore, the plaintiff is estopped from asserting that the mortgage debt was not validly accelerated by the commencement of the 2010 action (see id.; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations.
Further, the Supreme Court should have denied the plaintiff's cross-motion pursuant to CPLR 2201 to stay the action (see Davis v Commack Hotel, LLC, 211 AD3d 679, 680).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court