Islandcap, LLC v Cohen (2024 NY Slip Op 04253)

Islandcap, LLC v Cohen

2024 NY Slip Op 04253

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-08315
 (Index No. 701715/22)

[*1]Islandcap, LLC, respondent, 
v
Lisa M. Cohen, appellant, et al., defendants.

Avram E. Frisch, New York, NY, for appellant.
Vallely Law, PLLC, Syosset, NY (Natalia Thomas and Ryan Mitola of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa M. Cohen appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 21, 2022. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the defendant Lisa M. Cohen's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is granted.
On August 9, 2006, the defendant Lisa M. Cohen (hereinafter the defendant) obtained a home equity line of credit in the sum of $133,933 from National City Bank, which was secured by a mortgage on certain real property located in Queens. The defendant allegedly defaulted on her payment obligations by failing to make the monthly payments due on February 1, 2014, and thereafter. On September 12, 2014, PNC Bank, N.A., (hereinafter PNC), National City Bank's successor in interest, issued a letter to the defendant informing her that her "delinquent account ha[d] been charged-off as bad debt, . . . [that] PNC [ ] ha[d] notified the three major credit reporting agencies," and that "[m]onthly statements w[ould] no longer be issued." The letter also stated that "[t]he entire accelerated balance of $137,463.70 [wa]s now due and owing in full" (emphasis omitted), while requesting that the defendant "mail the [a]ccount balance" to PNC. PNC thereafter issued subsequent letters to the defendant advising her, among other things, that she "still owe[d]" the full amount due.
In January 2022, due to the defendant's alleged default in payment, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant thereafter moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. By order entered September 21, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. If the defendant satisfies this burden, the burden shifts [*2]to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 691-692 [citations and internal quotation marks omitted]; see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 909).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Green Tree Servicing, LLC v Weiss, 222 AD3d 626, 627). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "However, even if a mortgage is payable in installments, the terms of the mortgage may contain an acceleration clause that gives the lender the option to demand due the entire balance of principal and interest upon the occurrence of certain events delineated in the mortgage" (Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 37 [internal quotation marks omitted]). In such circumstances, "once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (US Bank Trust, N.A. v Reizes, 222 AD3d at 909 [alterations and internal quotation marks omitted]; see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867). "[T]he borrower must be provided with notice of the holder's decision to exercise the option to accelerate the maturity of a loan, and such notice must be clear and unequivocal" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [citations and internal quotation marks omitted]). "[T]o constitute such clear and unequivocal acceleration of a debt, the notice must demand an immediate payment of the entire outstanding loan and not refer to acceleration only as a future event" (Knox v Countrywide Home Loans, Inc., 205 AD3d 792, 794). "A mortgage can be accelerated by the commencement of a foreclosure action, or through an unequivocal acceleration notice transmitted to the borrower" (id.; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). "The determinative question is not what the noteholder intended or the borrower perceived, but whether the contractual election was effectively invoked" (HSBC Bank USA v Pantel, 208 AD3d 643, 645-646).
Here, the defendant established that the six-year statute of limitations began to run in September 2014 when PNC accelerated the debt by issuing a letter to the defendant (see Wells Fargo Bank, N.A. v Maddaloni, 186 AD3d 1587, 1588). Since the plaintiff did not commence this action until January 2022, more than six years after acceleration of the debt, the defendant met her initial burden of establishing, prima facie, that this action insofar as asserted against her was time-barred (see U.S. Bank N.A. v Santos, 218 AD3d 827, 828).
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, PNC's September 2014 letter reflected a clear and unequivocal election to accelerate the debt (see MTGLQ Invs., LLP v Lunder, 183 AD3d 967, 968; cf. Wells Fargo Bank, N.A. v Breuer, 203 AD3d 1103, 1106).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court