Deutsche Bank Natl. Trust Co. v DiGiorgio (2025 NY Slip Op 02186)

Deutsche Bank Natl. Trust Co. v DiGiorgio

2025 NY Slip Op 02186

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08773
 (Index No. 608089/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Barbara DiGiorgio, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Schuyler B. Kraus, Ronald H. Park, and Evan N. Soyer of counsel), for appellant.
The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated August 17, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Barbara DiGiorgio and for an order of reference, and granted that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In October 2009, OneWest Bank, F.S.B. (hereinafter OneWest), commenced an action against the defendant Barbara DiGiorgio (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Nassau County (hereinafter the 2009 action). The complaint alleged that the defendant had defaulted on her loan payments on November 1, 2008, and thereafter. The 2009 action was voluntarily discontinued by order dated December 21, 2016.
In June 2018, the plaintiff commenced this action against the defendant, among others, to foreclose the same mortgage. The complaint alleged that the defendant had defaulted on her monthly mortgage payments under the terms of the loan, as modified, on September 1, 2012, and thereafter.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred. In an order entered August 22, 2022, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW [*2]Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see U.S. Bank N.A. v Medianik, 223 AD3d at 937). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in October 2009 when OneWest commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendant further demonstrated that this action was commenced in June 2018, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042-1043). The defendant thus established, prima facie, that this action was untimely (see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 910).
The plaintiff's contention that the mortgage debt was not accelerated by the commencement of the 2009 action because OneWest lacked standing to commence that action is without merit. The Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) amended CPLR 213(4) "by adding, among other things, paragraph (a), which provides that '[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated'" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917). As the 2009 action was not dismissed based upon an expressed judicial determination that the instrument was not validly accelerated, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2009 action based on lack of standing (see US Bank Trust, N.A. v Reizes, 222 AD3d at 910).
The plaintiff's further contention that even if the mortgage debt was accelerated by the commencement of the 2009 action, OneWest's voluntary discontinuance of that action served to revoke the acceleration and reset the statute of limitations is also without merit. "FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917). We note that, in any event, even prior to the enactment of FAPA, the discontinuance of the 2009 action would not have been effective to reset the statute of limitations because the discontinuance did not occur during the six-year limitations period (see id.; Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The defendant's remaining contention is academic in light of our determination.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court