U.S. Bank, N.A. v Bookspan (2026 NY Slip Op 01394)

U.S. Bank, N.A. v Bookspan

2026 NY Slip Op 01394

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-09436
 (Index No. 709110/17)

[*1]U.S. Bank, National Association, etc., appellant,
vLinda Bookspan, etc., et al., defendants, Neil Zachary Kaplan, etc., respondent.

Hinshaw & Culbertson LLP, New York, NY (Mitra Paul Singh and Victor L. Matthews II of counsel), for appellant.
Wenig Saltiel LLP, New York, NY (Dan M. Blumenthal and Meryl L. Wenig of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 13, 2023. The order granted the motion of the defendant Neil Zachary Kaplan pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In June 2017, the plaintiff commenced the instant action against the defendant Neil Zachary Kaplan (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Flushing. In January 2023, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred. The defendant argued that the statute of limitations began to run in April 2003 based upon the commencement of a prior action to foreclose the same mortgage (hereinafter the 2003 action), which was voluntarily discontinued in January 2017. The plaintiff opposed the motion, arguing that the statute of limitations did not begin to run upon the commencement of the 2003 action because the entity that commenced that action, Alliance Funding Company (hereinafter Alliance), lacked standing to accelerate the mortgage debt. By order entered June 13, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run in April 2003, when Alliance commenced the 2003 action and elected in the complaint [*2]to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). The defendant further demonstrated that this action was commenced in June 2017, more than six years later (see CPLR 213[4]). Therefore, the defendant established, prima facie, that this action was untimely (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 901; U.S. Bank Trust, N.A. v Reizes, 222 AD3d 907, 910).
In opposition, the plaintiff failed to raise a question of fact. The plaintiff's contention that the mortgage debt was not accelerated by the commencement of the 2003 action because Alliance lacked standing to commence that action is without merit. The Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) amended CPLR 213(4) "by adding, among other things, paragraph (a), which provides that '[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated'" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917). Since the 2003 action was not dismissed based upon an expressed judicial determination that the instrument was not validly accelerated, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2003 action (see U.S. Bank Trust, N.A. v Reizes, 222 AD3d at 910).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court