| **PNC Bank, N.A. v Griffith** |
|---|
| 2026 NY Slip Op 31149(U) |
| March 27, 2026 |
| Supreme Court, Ontario County |
| Docket Number: Index No. 139717-2024 |
| Judge: Gregory J. McCaffrey |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ONTARIO

---

PNC BANK, NATIONAL ASSOCIATION,
          Plaintiff,

    vs.

CHRISTOPHER GRIFFITH AS HEIR TO THE
ESTATE OF MARK A. GRIFFITH, ET. AL.,
          Defendants.

**DECISION AND ORDER**
**(Motions # 2 and 3)**
Index No. 139717-2024
RJI Date: 12/02/2024

---

Jessica J. Kielb, Esq. and Ryan M. Wittlinger, Esq., for Plaintiff
Elizabeth G. Adymy, Esq., for Defendant Joseph Griffith as Heir to the Estate of Mark A. Griffith

McCaffrey, J.

In this residential foreclosure action, Plaintiff moves for an Order, *inter alia*, granting summary judgment and dismissing the defenses and counterclaims submitted by Defendant Joseph Griffith ("Defendant") in his Amended Answer filed on June 9, 2025. Defendant opposes Plaintiff's motion and cross-moves for summary judgment seeking, *inter alia*, dismissal of the complaint and cancelling and discharge of the subject motion on statute of limitations grounds. Plaintiff opposes Defendant's cross-motion.

In support of its motion for summary judgment, Plaintiff provided an Attorney Affirmation, Memorandum of Law, Certificate of Merit, Notice of Pendency, Amended Notice of Pendency, Summons and Complaint, Supplemental Summons and Amended Complaint, Affidavits of Service, Affidavits of Service of the Summons, Help for

1

Homeowners Notice, Notice to Tenants of Buildings in Foreclosure, Defendant's Answer, Reply to Counterclaims, Orders Granting Service by Publication, Proof of Publication, Guardian Ad Litem Oath and Notice of Appearance, and Request for Judicial Intervention (NYSCEF Docs. 62-63, 65-80).

In opposition to Plaintiff's motion, and in support of his cross-motion for summary judgment, Defendant submitted an Attorney Affirmation, Ontario County Index No. 105224 Complaint, Ontario County Index No. 105224 Consent to Discontinue Action and to Cancel Lis Pendens, and Defendant's Affirmation (NYSCEF Docs. 85, 88-89).

The Court has thoroughly reviewed and considered the submissions of the parties, including the supporting documentation set forth above.

On a motion for summary judgment, the moving party bears the "burden to establish his [or her] entitlement to summary judgment as a matter of law" (*Ferrante v American Lung Ass'n*, 90 NY2d 623, 631 [1997]). That is, the moving party must provide *prima facie* evidence in admissible form which would warrant a directed judgment in their favor (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If the moving party establishes their entitlement to summary judgment, the burden then shifts to the non-moving party to provide evidence, also in admissible form, establishing a material issue of fact warranting a trial (*see Vermette v Kenworth Truck Co., Div. of Paccar, Inc.*, 68 NY2d 714, 716 [1986]; *Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1276-1277 [4th Dept 2005]). The non-moving party is not held to a

2

[* 2]

preponderance of the evidence standard but must establish that there exists a genuine material issue of fact (*see Christopher v New York City Transit Authority*, 300 AD2d 336, 336 [2d Dept 2002]; *First Trust Deposit Co. v Dent*, 263 AD 1058, 1058 [4th Dept 1942]). Finally, the Court must view the facts before it in a light most favorable to the non-moving party (*see Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]).

In deciding the competing motions, it is necessary for the Court to review the factual and procedural history of foreclosure actions regarding the mortgage and note on the subject property.

On or about January 23, 2003, Mark A. Griffith executed and delivered a $30,000 note and mortgage for his property located at 17 Elm Street, Bloomfield, New York 14469, held by Plaintiff's predecessor-in-interest. On August 27, 2010, Plaintiff commenced a foreclosure action against Mark Griffith alleging a default on or about May 1, 2010. Plaintiff elected "to call due the entire amount secured by the mortgage" (NYSCEF Doc. 87 at 3). On or about April 14, 2011, the parties filed written consent to discontinue the action and to cancel the lis pendens. The consensual discontinuance is silent regarding the deacceleration of the amount due (NYSCEF Doc. 88 at 2-3).

Plaintiff then commenced the instant action on September 10, 2024, alleging that after Mark Griffith's death on December 14, 2022, his heirs defaulted in October 2023 (NYSCEF Doc. 1 at 6-7). On June 2, 2025, Defendant interposed an Answer, which was subsequently amended on June 9, 2025. Among a number of the defenses raised in his

3

[* 3]

Answer, Defendant alleged that Plaintiff's action was time-barred by the statute of limitations (NYSCEF Doc. 55 at 3). Defendant also counterclaimed for quiet title and discharge of the record of mortgage on statute of limitations grounds (NYSCEF Doc. 55 at 4-5).

On October 21, 2025, Plaintiff brought the instant motion to strike Defendant's Amended Answer and grant summary judgment against Defendant and default judgment against all non-answering parties. Although Plaintiff's Attorney Affirmation does not address Defendant's statute of limitations defense (NYSCEF Doc. 65), in its Memorandum of Law, Plaintiff argues that because the instant foreclosure action was commenced within six years of the alleged default on October 1, 2023, the action is not time-barred (NYSCEF Doc. 63 at 18-19). Further, Plaintiff claims that no prior actions were filed and dismissed which would prevent pursuit of the current action, while acknowledging that a prior mortgage foreclosure action was brought and voluntarily discontinued in 2010 and 2011, respectively (NYSCEF Doc. 63 at 18).

In support of its motion, Plaintiff provided an Affirmation of Aimee D. Sumitra, Authorized Signer for Plaintiff (NYSCEF Doc. 62). Ms. Sumitra's Affirmation alleges a default in October 2023 on Mark Griffith's mortgage and note of January 23, 2003 and includes as attachments, copies of the original note and mortgage, and printed copies of the electronic records of Plaintiff (NYSCEF Doc. 62 at 3-4, 7-9, 20-47). No reference is made to the prior foreclosure action on the same mortgage and note, nor is there any indication

4

[* 4]

that a loan modification agreement or similar document acknowledging the continued debt were executed as part of the discontinuance. The complaint and consent to discontinuance from the prior action are also not attached. Additionally, the copies of the electronic records provided are offered without a key or explanation of entries and do not demonstrate any payments made by Defendant, or any other parties, between April 14, 2011 and October 1, 2023 (NYSCEF Doc. 62 at 40-47).

On November 21, 2025, Defendant filed papers in opposition to Plaintiff's summary judgment motion and in support of his own motion for summary judgment dismissing Plaintiff's complaint and discharging the record of mortgage. In his Attorney's Affirmation, Defendant argues that in its prior foreclosure action, Plaintiff accelerated the entire amount due on the 2003 mortgage and note in 2010, that the action was voluntarily discontinued in 2011 without deaccelerating the amount due, and in the absence of any proof of deacceleration, the statute of limitations expired on August 27, 2016 (NYSCEF Doc. 85 at 5-9).

In reply, Plaintiff argued that when payments are made on an installment contract, the statute of limitations resets whenever an installment payment on the debt is made. Plaintiff then relied on Ms. Sumitra's Affirmation and attachments as proof that continued payments were made by the debtor between the discontinuance of the prior foreclosure action and commencement of the instant foreclosure action and contends that such payments amount to an acknowledgment of the debt and renewal of the statute of

5

limitations (NYSCEF Doc. 92 at 5-6). However, as discussed above, and pointed out in Defendant's reply papers in support of his cross-motion for summary judgment, Ms. Sumitra's Affirmation does not state that any payments were made by the debtor, Defendant, or any other party between April 14, 2011 and October 1, 2023 (NYSCEF Doc. 62 at 40-47; NYSCEF Doc. 93 at 5).

The statute of limitations for a mortgage foreclosure action is six years (CPLR 213 [4]). "When a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due" (*FV-1 v Palaguachi*, 234 AD3d 818, 820-821 [2d Dept 2025]). However, "once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (*Federal Natl. Mtg. Assn.*, 188 AD3d at 74 [emphasis omitted]; *see also FV-1*, 234 AD3d at 821). Additionally, pursuant to CPLR 203(h) once the cause of action has accrued, and the statute of limitations has begun to run, the voluntary discontinuance of a foreclosure action does not serve to reset the statute of limitations (*see FV-1*, 234 AD3d at 821; *Deutsche Bank Natl. Trust Co. v Dagrin*, 233 AD3d 1065, 1067 [2d Dept 2024]; CPLR 3217 [e]).

Based upon the record before it, the Court finds that Plaintiff failed to meet its prima facie burden of demonstrating that the statute of limitations is not a defense to this action, and the burden never shifted to Defendant. Assuming *arguendo* that Plaintiff did meet its initial burden, Defendant's submissions would raise a triable issue of fact as to whether the

6

statute of limitations on the entire debt had expired as a result of the prior foreclosure action before the commencement of the instant foreclosure action. Accordingly, Plaintiff's summary judgment motion must be denied.

Turning next to Defendant's cross-motion for summary judgment, the Court finds that Defendant met his initial burden of establishing entitlement to dismissal of the complaint on statute of limitations grounds. Based on Defendant's submissions, in particular the complaint and discontinuance in the 2010 prior foreclosure action, when Plaintiff elected to accelerate the entire debt on the note and mortgage in 2010, the six-year statute of limitations began to run on the entire debt and expired in 2016 (*see Federal Natl. Mtg. Assn.*, 188 AD3d at 74; *see also FV-1*, 234 AD3d at 821). The burden therefore passes to Plaintiff to provide evidence establishing a material issue of fact warranting a trial.

Plaintiff argues that pursuant to General Obligations Law § 17-107 the resumption of installment payments effectively renews the statute of limitations because the partial payment represents an acknowledgment of the debt. However, "[i]n order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to an absolute and unqualified acknowledgement by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Nationstar Mortgage, LLC v Dorsin*, 180 AD3d 1054, 1056 [2d Dept 2020] [quotations omitted]; *see also Bayview Loan Servicing, LLC v Paniagua*, 207 AD3d 691, 693 [2d Dept 2022]). A debtor may also revive the statute of limitations by a

7

[* 7]

signed writing acknowledging the existing debt (*see Bayview Loan Servicing*, 207 AD3d at 693; Gen. Ob. L. § 17-101).

The Court finds that Plaintiff's submissions do not demonstrate that the partial payment of the mortgage debt after the discontinuance of the prior foreclosure action was "accompanied by circumstances amounting to an absolute and unqualified acknowledgement by the debtor" such that the promise to be pay the remainder can be inferred from the payment (*Nationstar Mortgage*, 180 AD3d at 1056). Contrary to Plaintiff's assertion in its reply, there is no indication in the record that any payments were made between the discontinuance of the prior foreclosure action and the alleged default in October 2023. Ms. Sumitra's Affirmation makes no such assertion and copies of Plaintiff's electronic records attached thereto indicate, at most, a possible payment of $411.19 credited in May of 2023, but without any indication of what person or entity made that payment (NYSCEF Doc. 62 at 46). Even when viewed in a light most favorable to Plaintiff, as the non-moving party, a single undefined entry in its own records is insufficient to demonstrate an issue of fact as to whether the payment is accompanied by circumstances amounting to an absolute and unqualified acknowledgment by Defendant of the debt to revive the long-expired statute of limitations. As such, the Court grants Defendant's motion for summary judgment dismissing the complaint on statute of limitations grounds.

Defendant also moves for quiet title and discharge of the subject mortgage of record regarding his interest in the property, under Real Property Actions and Proceeding Law §

8

[* 8]

1501(4). "Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (*U.S. Bank N.A. v Medianiak*, 223 AD3d 935, 938 [2d Dept 2024]; *see also U.S. Bank N.A. v Singh*, ___ AD3d ___, 2026 WL 602528 [2d Dept 2026]; *97 Lyman Avenue, LLC v MTGLQ Investors, L.P.*, 233 AD3d 1038, 1041 [2d Dept 2024]). Plaintiff's responding papers do not address this claim but rely upon the same contention that continued partial payments constituted acknowledgment of the debt sufficient to reset the statute of limitation. For the reasons stated above, there is an insufficient factual basis in the record to support this assertion, and thus Plaintiff fails to raise a triable issue of fact (*see U.S. Bank N.A.*, 2026 WL 602528). Defendant is therefore entitled to cancellation of record of the subject mortgage.

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's motion for summary judgment against Defendant is **DENIED**, and it is further

**ORDERED**, that Defendant's motion for summary judgment against Plaintiff is **GRANTED**, and it is further

**ORDERED**, that Ontario County Clerk's office shall cancel the Notice of Pendency filed in the Office of the Ontario County Clerk on September 10, 2024, and it is further

9

[* 9]

**ORDERED**, that the Ontario County Clerk's office shall discharge the record of mortgage on the property located at 17 Elm Street, Bloomfield, New York 14469, recorded at Book 01431, Page 0271 in the Office of the Ontario County Clerk on January 23, 2003, and it is further

**ORDERED**, that any further relief sought by either party not specifically addressed herein is **DENIED**.

This constitutes the decision and order of the Court.

Dated: March **27**, 2026

_____
Hon. Gregory J. McCaffrey
Acting Supreme Court Justice

10

[* 10]